UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OSCAR SALINAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PALO ALTO UNIVERSITY; DR. ALLEN CALVIN, In His Individual And Official Capacity; DR. JAMES BRECKENRIDGE, In His Individual And Official Capacity; DR. ROBERT RUSSELL, In His Individual And Official Capacity; DR. SANDRA MACIAS, In Her Individual And Official Capacity; and DR. AMANDA FANNIFF, In Her Individual And Official Capacity,<br><br>　　　　　Defendants. | Case No.  5:15-cv-06336-HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

　　　　Pro se plaintiff Oscar Salinas sues over his 2013 dismissal from the Doctor of Philosophy in Clinical Psychology program at Palo Alto University (University).  According to the complaint, Salinas' supervisor, defendant Dr. Amanda Fanniff, gave him a low evaluation as to his competence as a therapist, assessing his work as "harsh" and "dismissive" of patient needs. Plaintiff claims that Fanniff's evaluation was unsubstantiated and unwarranted and that the subsequent decision to dismiss him from the University was arbitrary and capricious.  He filed the instant action against the University and several of its faculty and administrators, asserting the following ten claims for relief:  (1) "Arbitrary and Capricious Evaluation," (2) "Arbitrary and

Capricious/Retaliatory Dismissal"; (3) "Conspiracy"; (4) "Education Code Section 94367 Violation"; (5) "Breach of Contract,"; (6) "Negligence"; (7) "Fraud and Deceit"; (8) "Negligent Misrepresentation"; (9) "Breach of Covenant of Good Faith and Fair Dealing"; and (10) "Injunctive Relief." Salinas invokes this court's diversity jurisdiction, 28 U.S.C. § 1332.

Defendants maintain that Salinas was dismissed from the program because he failed to demonstrate the academic abilities to be a successful student of clinical psychology. Pursuant to Fed. R. Civ. P. 12(b)(6), they now move to dismiss, arguing that the complaint fails to state a claim for relief. Plaintiff opposes the motion. At the court's direction, the parties filed supplemental briefs following the April 26, 2016 motion hearing. Upon consideration of the moving and responding papers, the parties' supplemental briefs, as well as the oral arguments presented, this court grants the motion in part and denies it in part.[1]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v.

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

1  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted)
2  However, only plausible claims for relief will survive a motion to dismiss.  Iqbal, 129 S.Ct. at
3  1950.  A claim is plausible if its factual content permits the court to draw a reasonable inference
4  that the defendant is liable for the alleged misconduct.  Id.  A plaintiff does not have to provide
5  detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-
6  harmed-me accusation."  Id. at 1949.
7    Documents appended to the complaint or which properly are the subject of judicial notice
8  may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion.  See
9  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990);
10 MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).
11    While leave to amend generally is granted liberally, the court has discretion to dismiss a
12 claim without leave to amend if amendment would be futile.  Rivera v. BAC Home Loans
13 Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386,
14 393 (9th Cir. 1996)).

## DISCUSSION

**A.     Claims 1, 2, 5, and 9:  Contract and "Arbitrary and Capricious" Claims**

Essentially, plaintiff claims that in dismissing him from the University, defendants breached contractual obligations to him and did so for no good reason.  According to his complaint, the pertinent contractual terms are found in an online 2011-2012 Student Handbook he downloaded, portions of which are appended to the complaint.  The Handbook lists a number of grounds for dismissal, including:

> Failure to maintain the clinical competencies and professional conduct appropriate for [a] student enrolled in a graduate clinical training program, including behavior that poses serious risks (e.g., behavior resulting from psychosis or other psychopathology or active dependence on substances, etc.) to clients, research subjects, faculty, staff, or colleagues (note that an adequate academic record cannot compensate for impaired or unethical professional behavior) . . ..

(Complaint, Ex. M at 65).  Plaintiff says that this is the reason defendants used as the basis for his dismissal, but claims that it was based on Dr. Fanniff's evaluation, which he maintains is unsubstantiated.

3

1  The basic legal relationship between a student and a private university is contractual in
2  nature. Kashmiri v. Regents of Univ. of California, 67 Cal. Rptr.3d 635, 645-46 (Cal. App. 2007)
3  (citing Zumbrun v. Univ. of S. California, 101 Cal. Rptr. 499 (1972)).  However, "courts have
4  often deferred to any challenge based in contract to universities' academic and disciplinary
5  decisions." Id. at 646.  The standard of review that applies to such cases is the arbitrary and
6  capricious standard.  Banks v. Dominican College, 42 Cal. Rptr.2d 110, 115 (1995).  In order to
7  establish arbitrary and capricious conduct on the part of a private university, a plaintiff must meet
8  a heavy burden to show that his dismissal was without any discernible rational basis.  Id.

9  With respect to the individual defendants, plaintiff's claims fail because he does not allege
10 an independent contractual relationship with any of them.  Moreover, there are no allegations that
11 any of the individual defendants were acting outside the course and scope of their employment
12 with the University.  See Zumbrun, 101 Cal. Rptr. at 505 ("Upon this breach of contract theory,
13 there would be no liability as to the individual defendants . . . who are alleged to be agents and
14 employees of [the university] acting within the scope of their agency and employment.").  The
15 individual defendants' motion to dismiss these claims is granted without leave to amend.[2]

16 In supplemental briefing, the University advises that it withdraws its motion to dismiss as
17 to the second, fifth, and ninth claims asserted against it.  The University's motion therefore is
18 denied as moot on that basis.

19 **Claim 3:  Conspiracy**

20 Plaintiff basically alleges that he "endur[ed] a conspiratorial assassination of
21 character . . . ." (Complaint ¶ 91).  As discussed at the motion hearing, "[c]onspiracy is not a cause
22 of action, but a legal doctrine that imposes liability on persons who, although not actually
23 committing a tort themselves, share with the immediate tortfeasors a common plan or design in its
24 perpetration." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 869 P.2d 454, 478 (Cal.
25 1994).  "Standing alone, a conspiracy does no harm and engenders no tort liability.  It must be

---

[2] Plaintiff otherwise argues that the individual defendants may be held liable because they owed him a special duty, such as that which exists between an insured and insurer.  But, his arguments confuse his contract theories with his tort ones, which will be discussed below.

4

activated by the commission of an actual tort." Id. "Character assassination" is not a cognizable tort. Accordingly, this claim is dismissed, but plaintiff is given leave to amend.

**Claim 4:  California Education Code § 94367**

Plaintiff alleges that he was dismissed as punishment for complaining about what he perceived to be mistreatment by faculty and staff. California Education Code § 94367, known as the Leonard Law, prohibits private universities from disciplining students for speech that would be protected under the First Amendment if made off campus. Cal. Educ. Code § 94367(a).[3]

The individual defendants' motion to dismiss this claim is granted without leave to amend inasmuch as the plain language of the statute indicates that § 94367 applies only to a private postsecondary institution.

In supplemental briefing, the University advises that it withdraws its motion to dismiss as to this claim, and its motion is denied as moot on that basis.

**Claim 6:  Negligence**

"According to the familiar California formula, the allegations requisite to a cause of action for negligence are (1) facts showing a duty of care in the defendant, (2) negligence constituting a breach of the duty, and (3) injury to the plaintiff as a proximate result." Peter W. v. San Francisco Unified Sch. Dist., 131 Cal. Rptr. 854, 857 (Cal. Ct. App. 1976). Relying primarily on Peter W., defendants argue that plaintiff cannot state a claim for relief because, as a matter of law, they owe him no duty of care.[4] Insofar as plaintiff appears to take issue with the alleged basis (or lack

---

[3] Section 94367 provides:

> No private postsecondary educational institution shall make or enforce a rule subjecting a student to disciplinary sanctions solely on the basis of conduct that is speech or other communication that, when engaged in outside the campus or facility of a private postsecondary institution, is protected from governmental restriction by the First Amendment to the United States Constitution or Section 2 of Article I of the California Constitution.

Cal. Educ. Code § 94367(a).

[4] Defendants have not cited convincing authority that this so-called "educational malfeasance" bar has, in fact, been applied to private educational institutions. Nevertheless, this court finds the reasoning behind the bar persuasive. Additionally, both sides seem to agree that application of the bar depends primarily upon the nature of the claims being asserted.

thereof) of Fanniff's evaluation of his skills, this court agrees that his claim falls within "considerations identified in Peter W. that preclude an action for personal education injury based on inherently subjective standards of duty and causation" in that resolving such a claim would "require evaluation of individual students' educational progress or achievement, or the reasons for their success or failure." Wells v. One2One Learning Found., 141 P.3d 225, 251 (Cal. 2006). Moreover, the complaint's allegations simply do not sound in negligence. Rather, the gravamen of plaintiff's claim, and indeed the overall theme of this lawsuit, is that defendants maliciously undertook a conscious and deliberate course of conduct designed to oust him from the University. This claim is dismissed without leave to amend.

**Claims 7 and 8:   Fraud and Negligent Misrepresentation**

To state a claim for fraud under California law, a plaintiff must allege:   (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage. Lazar v. Super. Ct., 909 P.2d 981, 984 (Cal. 1996).

"Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." Fox v. Pollack, 226 Cal. Rptr. 532, 537 (Cal. Ct. App. 1986).

Regardless of the theory under which plaintiff seeks to assert a claim for fraud, his complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). To survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" Id. (quoting Bly-Magee v.

1   California, 236 F.3d 1014, 1019 (9th Cir. 2001)).

2   Here, Salinas' complaint alleges that "[s]ince Plaintiff's admission into the Ph.D. program
3   in Clinical Psychology, Defendants falsely and fraudulently represented to Plaintiff that he would
4   be awarded a doctoral degree upon his performance of required academic and practicum work and
5   that he would be reasonably assisted in regard to his progress toward the degree and licensure."
6   (Complaint ¶ 121).  Plaintiff alleges that, in truth, defendants falsely portrayed him as
7   incompetent, but nonetheless continued to deceive him "with the intent to induce Plaintiff to keep
8   registering for courses while they figured out how to make sure Plaintiff received nothing but
9   show hearings." (Complaint ¶¶ 122-123).

10  Defendants move to dismiss on the ground that the complaint fails to allege sufficiently
11  specific facts as to the alleged fraud.  This court agrees.  The complaint merely lumps all
12  defendants together without distinguishing between them.  Plaintiff argues that he has alleged
13  sufficiently specific facts as to the falsity of various individuals' statements about his competence,
14  but he misses the point.  He must allege with specificity the alleged misrepresentations that
15  reportedly induced him to continue registering for courses, i.e., "that he would be awarded a
16  doctoral degree upon his performance of required academic and practicum work and that he would
17  be reasonably assisted in regard to his progress toward the degree and licensure." (Complaint ¶
18  121).

19  Defendants' motion to dismiss these claims is granted with leave to amend.

20  **Claim 10:  Injunctive Relief**

21  Injunctive relief is a remedy, not a claim.  See Shamsian v. Atlantic Richfield Co., 107 Cal.
22  App.4th 967, 984 (2003) (stating that "a request for injunctive relief is not a cause of action.").
23  Plaintiff acknowledges as much in his opposition.  Accordingly, this claim is dismissed.
24  However, as discussed at the motion hearing, the dismissal is with leave to amend to the extent
25  that plaintiff can appropriately tether his request for injunctive relief to any valid claim that
26  supports such relief.

27  **ORDER**

28  Based on the foregoing, defendants' motion to dismiss the complaint is granted in part and

denied in part as follows:

- Claims 1, 2, 5, and 9 (contract and "arbitrary and capricious" claims) are DISMISSED WITHOUT LEAVE TO AMEND as to the individual defendants.
- The University's motion to dismiss Claims 2, 5, and 9 (contract and "arbitrary and capricious" claims) is DENIED AS MOOT.
- Claim 3 (conspiracy) is DISMISSED WITH LEAVE TO AMEND.
- Claim 4 (Cal. Educ. Code § 94367) is DISMISSED WITHOUT LEAVE TO AMEND as to the individual defendants.
- The University's motion to dismiss Claim 4 (Cal. Educ. Code § 94367) is DENIED AS MOOT.
- Claim 6 (negligence) is DISMISSED WITHOUT LEAVE TO AMEND.
- Claims 7 and 8 (fraud and negligent misrepresentation) are DISMISSED WITH LEAVE TO AMEND.
- Claim 10 (injunctive relief) is DISMISSED WITH LEAVE TO AMEND.

If plaintiff chooses to amend his complaint, the amended pleading shall be filed no later than **June 16, 2016**. Leave to amend is limited to those claims pled in the complaint and consistent with the rulings above. To the extent plaintiff intends to assert new or different claims for relief or add new parties, he must make an appropriate application pursuant to Fed. R. Civ. P. 15. Failure to comply with this order may result in sanctions.

SO ORDERED.

Dated:   June 1, 2016

HOWARD R. LLOYD
United States Magistrate Judge

5:15-cv-06336-HRL Notice has been electronically mailed to:

Michael Joseph Vartain     mike@vartainlaw.com, charissa@vartainlaw.com, emelina@vartainlaw.com, stacey@vartainlaw.com, william@vartainlaw.com

Oscar Salinas     osalinas10@hotmail.com

William Charles Teeling     william@vartainlaw.com, charissa@vartainlaw.com, emelina@vartainlaw.com