UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OSCAR SALINAS,<br><br>    Plaintiff,<br><br>    v.<br><br>PALO ALTO UNIVERSITY; DR. ALLEN CALVIN, in his Individual and Official Capacity; DR. JAMES BRECKENRIDGE, in his Individual and Official Capacity; DR. ROBERT RUSSELL, in his Individual and Official Capacity; DR. SANDRA MACIAS, in her Individual and Official Capacity; and DR. AMANDA FANNIFF, in her Individual and Official Capacity,<br><br>    Defendants. | Case No. 5:15-cv-06336-HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 39 |

Pro se plaintiff Oscar Salinas sues over his 2013 dismissal from the Doctor of Philosophy in Clinical Psychology program at Palo Alto University (University). He alleges that his academic supervisor, defendant Dr. Amanda Fanniff, gave him a low evaluation as to his competence as a therapist and that her evaluation was unsubstantiated and unwarranted. Salinas further alleges that, during administrative proceedings, he was denied an opportunity to present evidence demonstrating that Fanniff's evaluation was wrong. Plaintiff contends that the subsequent decision to dismiss him from the University was arbitrary and capricious and was made in retaliation for his complaints about Fanniff.

Invoking the court's diversity jurisdiction, 28 U.S.C. § 1332, Salinas filed the instant action against the University and several of its faculty and administrators, asserting ten claims for relief: (1) "Arbitrary and Capricious Evaluation," (2) "Arbitrary and Capricious/Retaliatory Dismissal"; (3) "Conspiracy"; (4) "Education Code Section 94367 Violation"; (5) "Breach of Contract,"; (6) "Negligence"; (7) "Fraud and Deceit"; (8) "Negligent Misrepresentation"; (9) "Breach of Covenant of Good Faith and Fair Dealing"; and (10) "Injunctive Relief." This court granted in part and denied in part defendants' motion to dismiss, with leave to amend only some claims. As to the individual defendants, plaintiff's "arbitrary and capricious" contract-based claims were dismissed without leave to amend, as was his claim for violation of California Education Code § 94367. His negligence claim was dismissed without leave to amend as to all defendants. The conspiracy and fraud-based claims were dismissed with leave to amend. Plaintiff's claim for injunctive relief was dismissed because it was undisputed that injunctive relief is a remedy and not a claim. But, Salinas was permitted to reassert his request for injunctive relief in an amended pleading, assuming that he could properly tie it to any valid claim supporting such relief.

Plaintiff's amended complaint asserts seven claims for relief: (1) "Conspiracy to Intentionally Inflict Emotional Distress" (all defendants); (2) "Conspiracy to Deny Substantive Due Process and Retaliate for Complaint of Dysfunctional Supervision" (all defendants); (3) violation of California Education Code § 94367 (all defendants); (4) "Fraud and Deceit" (all defendants); (5) "Negligent Misrepresentation" (University and defendant Calvin); (6) "Breach of Contract" (University); and (7) "Breach of Covenant of Good Faith and Fair Dealing" (University).[1] The amended complaint seeks injunctive relief, as well as general and special damages, restitution, and costs of suit.

---

[1] In its June 1, 2016 order on defendants' first motion to dismiss, this court stated that, to the extent plaintiff planned to assert new or different claims for relief or add new parties, he must make an appropriate application pursuant to Fed. R. Civ. P. 15. What this court intended was that for any entirely new claims or parties, plaintiff should file a formal, noticed motion under Fed. R. Civ. P. 15. Instead, he filed a request for leave to amend the underlying basis for his conspiracy claim. The court's June 1 order, however, already permitted plaintiff to do that. Accordingly, his "Motion to Amend Original Complaint" (Dkt. 37) is denied as moot.

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants now move to dismiss Claims 1 through 5,[2] arguing that the amended complaint still fails to state a claim for relief. Plaintiff opposes the motion. Upon consideration of the moving and responding papers, as well as the oral arguments presented at the motion hearing, this court grants the motion without leave to amend.[3]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide

---

[2] The individual defendants' motion to dismiss Claim 3 (Cal. Educ. Code § 94367) is granted. As discussed above, this court previously dismissed that claim as to them without leave to amend. Plaintiff says that he did not mean to reassert this claim as to the individual defendants and only intends to assert it against the University.

[3] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

1  detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-
2  harmed-me accusation." Id. at 1949.

3      Documents appended to the complaint or which properly are the subject of judicial notice
4  may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See
5  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990);
6  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

7      While leave to amend generally is granted liberally, the court has discretion to dismiss a
8  claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans
9  Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386,
10 393 (9th Cir. 1996)).

11 **DISCUSSION**

12 **A.     Claims 1 and 2:   Conspiracy**

13     In his original complaint, plaintiff alleged that he "endur[ed] a conspiratorial assassination
14 of character . . .." The court dismissed that claim because "character assassination" is not a
15 cognizable tort; and, "[s]tanding alone, a conspiracy does no harm and engenders no tort liability.
16 It must be activated by the commission of an actual tort," Applied Equipment Corp. v. Litton
17 Saudi Arabia Ltd., 869 P.2d 454, 478 (Cal. 1994).

18     The amended complaint now asserts two conspiracy claims against all defendants:   one for
19 "Conspiracy to Intentionally Inflict Emotional Distress" (Claim 1) and the other for "Conspiracy
20 to Deny Substantive Due Process and Retaliate for Complaint of Dysfunctional Supervision"
21 (Claim 2).   The court agrees that both claims are barred by the agent's immunity rule. See Black
22 v. Bank of America, 35 Cal. Rptr.2d 725, 728-29 (Cal. Ct. App. 1994) (affirming dismissal of an
23 action for civil conspiracy based on fraud, breach of the covenant of good faith and fair dealing,
24 and intentional infliction of emotional distress, and concluding that the agent's immunity rule "has
25 particular force" in cases involving an alleged conspiracy between a single entity and its own
26 employees).   Plaintiff has already had an opportunity to amend this claim, and the court finds that
27 a further shot at amendment would be futile.   These claims are dismissed without leave to amend.
28

United States District Court
Northern District of California

### B.     Claims 4 and 5:   Fraud/Deceit and Negligent Misrepresentation

To state a claim for fraud under California law, a plaintiff must allege:  (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.  Lazar v. Super. Ct., 909 P.2d 981, 984 (Cal. 1996).  "Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages."  Fox v. Pollack, 226 Cal. Rptr. 532, 537 (Cal. Ct. App. 1986).  Regardless of the theory under which plaintiff seeks to assert a claim for fraud, his complaint "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

In his original complaint, plaintiff alleged that defendants fraudulently induced him to continue to register for courses, while portraying him as incompetent and providing him with "nothing but show hearings." (Complaint ¶ 123).  That claim was dismissed with leave to amend because plaintiff failed to allege sufficiently specific facts as to what misrepresentations each defendant allegedly made that reportedly induced him to continue registering for courses.

The amended complaint reasserts a claim for fraud and deceit against all defendants and also asserts a claim for negligent misrepresentation against the University and defendant Dr. Allen Calvin, the University's president.   The overall theory is that through the establishment of various oversight procedures and committees---namely, the Clinical Training Committee, the Student Evaluation Committee, and the Institutional Appeal Committee---the University gives the (false) impression that students will be evaluated accurately, such that plaintiff trusted the University's processes and procedures and was induced to continue to enroll in courses.  In truth, plaintiff says that the system does not work fairly---or, at least it did not with respect to him.

Defendants move to dismiss on the ground that plaintiff fails to allege any false statement or misrepresentation.  Indeed, the gist of the allegations is that defendants did or said things indicating that they would treat plaintiff fairly, while plaintiff contends that he was mistreated.

5

For example: Fanniff allegedly said she intended to teach plaintiff how to improve as a therapist. Plaintiff claims that this was false because he maintains that she evaluated him unfairly. (Amended Complaint ¶¶ 223-28). Defendant Macias allegedly agreed to meet with plaintiff to discuss his concerns, but plaintiff says that her agreement to a meeting was false because Macias would not be objective or professional. (Id. ¶¶ 229-36). Defendant Russell reportedly set a Clinical Training Committee meeting for the purpose of conducting a good faith investigation of plaintiff's concerns, but plaintiff maintains that the meeting was just a "show hearing." (Id. ¶¶ 237-56). Plaintiff alleges that defendant Breckenridge wrongfully denied an evidentiary hearing as to plaintiff's performance. (Id. ¶¶ 267-74). And, in an April 10, 2013 letter advising plaintiff of his dismissal, defendant Calvin stated, "If you wish to challenge this notification of your dismissal, please consult the appeal provisions of the student handbook." (Dkt. 38 at 137). Plaintiff claims that Calvin's statement was fraudulent because Calvin allegedly never intended to give plaintiff a fair appeal or an evidentiary hearing. (Amended Complaint ¶¶ 275-301).

Plaintiff has not sufficiently alleged any falsehood that plausibly would support a claim for fraud or negligent misrepresentation as to any defendant. His allegations simply reflect his opinion that he was not, in fact, treated and evaluated fairly. Plaintiff having already had an opportunity to amend, the court finds that further amendment would be futile. Accordingly, defendants' motion to dismiss these claims is granted, without leave to amend.

**ORDER**

Based on the foregoing, defendants' motion to dismiss is granted.[4]

SO ORDERED.

Dated: August 15, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[4] Although all claims against them have been dismissed, the court declines to enter judgment now as to the individual defendants. The court generally does not enter piecemeal judgments in cases involving multiple parties, unless there is a very good reason for it. Fed. R. Civ. P. 54. Defendants offer none here.

5:15-cv-06336-HRL Notice has been electronically mailed to:

Michael Joseph Vartain     mike@vartainlaw.com, charissa@vartainlaw.com, emelina@vartainlaw.com, stacey@vartainlaw.com, william@vartainlaw.com

Oscar Salinas     osalinas10@hotmail.com

William Charles Teeling     william@vartainlaw.com, charissa@vartainlaw.com, emelina@vartainlaw.com