UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OSCAR SALINAS,<br><br>    Plaintiff,<br><br>    v.<br><br>PALO ALTO UNIVERSITY,<br><br>    Defendant. | Case No. 5:15-cv-06336-HRL<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2**<br><br>Re: Dkt. No. 62 |

At issue in Discovery Dispute Joint Report No. 2 is plaintiff's document Request No. 1,[1] in which he seeks all documents pertaining to three patients he saw during the Fall of 2012 while attending Palo Alto University (University). The request includes written records as well as DVD recordings of patient sessions.

Defendant argues that the requested documents are irrelevant because they say that this case concerns plaintiff's conduct vis-à-vis the University faculty, not patients. The University further contends that the documents are protected by privacy rights and the psychotherapist-patient privilege. Nevertheless, defendant is willing to look for and produce responsive materials, with

---

[1] Although plaintiff does not expressly identify Request No. 1 as being at issue, it is apparent from the parties' arguments. Plaintiff also argues at some length about defendant's interrogatory responses, but those requests are not before the court on this discovery report; and, there is a suggestion that interrogatories might be the subject of a future discovery report. To avoid confusion, in any future discovery dispute he might bring, plaintiff must specify which requests are in dispute.

patient-identifying information redacted.

Plaintiff argues that the documents are relevant to show that there was no basis for low evaluations of his performance and competence. Thus, he contends that the documents will also demonstrate that the decision to dismiss him from the University was arbitrary, capricious, and made in bad faith. He agrees that steps may be taken to protect patient privacy at trial, but he prefers to have unfettered access to the materials now.

This court finds that the requested documents fall within the broad scope of relevance under Fed. R. Civ. P. 26(b)(1) and that disclosure may be made to plaintiff with minimal (if any) intrusion on privacy or privilege. Even so, the court also finds that disclosure of patient identities is unnecessary. Accordingly, with respect to written records, defendant shall conduct a diligent inquiry and reasonable search for responsive documents and produce them with patient-identifying information redacted. As for the DVD recordings, while the court appreciates defendant's assertion that "redaction" might not be possible, for discovery purposes the court strikes the following compromise: defendant shall produce to plaintiff audio-only recordings of the sessions. It remains an open issue whether any of these materials (hereafter "Patient Material") may be admissible at trial---and, further steps may well be necessary to protect patients' rights before any disclosure of the Patient Materials to anyone other than the parties and the court can be made. Meanwhile, defendant shall submit to the court copies of the patients' signed consent forms. (Identifying information such as names, birthdates, addresses, etc. may be redacted beforehand. If deemed necessary, defendant may submit the forms along with a request for sealing in compliance with Civ. L.R. 79-5.) And, **unless otherwise ordered, plaintiff's use of the Patient Material shall be subject to the following restrictions**:

1. Plaintiff may not make any copies of the Patient Material, and he shall not share, disseminate, or otherwise disclose the Patient Material to anyone other than defense counsel and the court.

2. Plaintiff may only use the Patient Material for the specific purpose of prosecuting, defending, or attempting to settle this litigation.

3. Plaintiff may not file in the public record in this action any Patient Material. If he

deems it necessary to submit such material to the court (for example, as exhibits to a motion), he must request to file under seal any Patient Material in compliance with Civil Local Rule 79-5.

4. At the conclusion of this litigation, including any appeal, plaintiff must return the Patient Material to defense counsel. Even after the conclusion of this litigation, the confidentiality obligations imposed by this order shall remain in effect.

Defendant's production shall be made no later than **December 30, 2016**.

SO ORDERED.

Dated: December 16, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:15-cv-06336-HRL Notice has been electronically mailed to:

Michael Joseph Vartain     mike@vartainlaw.com, charissa@vartainlaw.com, emelina@vartainlaw.com, stacey@vartainlaw.com, william@vartainlaw.com

Oscar Salinas     osalinas10@hotmail.com

William Charles Teeling     william@vartainlaw.com, charissa@vartainlaw.com, emelina@vartainlaw.com